**BRYAN CAVE LLP**
Julie E. Patterson    (CA Bar 167326)
Julie W. O'Dell      (CA Bar 291083)
Steven A. Witt      (CA Bar 277303)
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone:(949) 223-7000
Facsimile: (949) 223-7100
E-Mail:  jepatterson@bryancave.com
         julie.odell@bryancave.com
         steven.witt@bryancave.com

Attorneys for Defendant
SPS TECHNOLOGIES, LLC dba Air Industries Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONTIAN JACKSON, individually and on behalf of all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> SPS TECHNOLOGIES, LLC dba Air Industries Company; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> (Los Angeles Superior Court Case No. BC596401) <br><br> **CLASS ACTION** <br><br> **DECLARATION OF JULIE E. PATTERSON IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT SPS TECHNOLOGIES, LLC DBA AIR INDUSTRIES COMPANY** <br><br> Date: <br> Time: <br> Dept.: <br><br> Compl. Filed:  September 30, 2015 <br> FAC Filed:   November 16, 2015 <br> Trial Date:   Not Assigned |

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## DECLARATION OF JULIE E. PATTERSON

I, JULIE E. PATTERSON, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in all courts of the State of California.  I am a partner at the law firm of Bryan Cave LLP, attorneys of record for Defendant SPS Technologies, LLC dba Air Industries Company ("Air Industries") in the action herein.  I have personal knowledge of the matters set forth in this declaration.  If called as a witness, I could testify competently to such matters.

2.      On September 30, 2015, Plaintiff Jontian Jackson ("Plaintiff") filed a putative class action lawsuit in the Superior Court of the State of California, County of Los Angeles, titled *Jontian Jackson, individually and on behalf of all other similarly situated v. SPS Technologies, LLC dba Air Industries Company; and DOES 1 to 20*, Los Angeles County Superior Court Case No. BC596401 (the "Action").  Plaintiff then sent an October 6, 2015 notice letter to the California Labor & Workforce Development Agency (LWDA) and Air Industries of its intention to pursue a claim for penalties under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.*

3.      Plaintiff filed a First Amended Complaint ("FAC") on November 16, 2015, adding an additional claim for PAGA penalties.  The proof of service attached to the FAC and Summons indicates that Air Industries was personally served on November 25, 2015.  True and correct copies of the FAC and Summons, the original Complaint and Summons, and all other documents served on Air Industries in the Action are attached as "**Exhibit A**."  No other pleadings, process, or orders have been served on Defendant in the Action.

4.      On December 22, 2015, Air Industries filed and served its Answer to Plaintiff's Complaint.  Attached hereto as "**Exhibit B**" is a true and correct copy of the Answer Air Industries filed and served in the State Court Action.

I declare under penalty of perjury under the laws of the State of California

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

1 and the United States of America that the foregoing is true and correct.

2     Executed this 23rd day of December, 2015, at Irvine, California.

3

                  */s/ Julie E. Patterson*

4

5

6

7

8

9

10

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  GREG ASCHMAN, SR VP - FINANCE
PCC AIRFRAME PRODUCTS
301 HIGHLAND AVENUE
JENKINTOWN, PA 19046

SOP Transmittal #  **528230553**

213-337-4615 - Telephone

Entity Served:  SPS TECHNOLOGIES, LLC  (Domestic State: PENNSYLVANIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 25 day of November, 2015. The following is a summary of the document(s) received:

1. **Title of Action:** JONTIAN JACKSON, individually and on behalf of all others similarly situated, Pltf. vs. SPS TECHNOLOGIES, LLC, etc., et al., Dfts.

2. **Document(s) Served:**  SUMMONS
Other: First Amended Complaint, Cover Sheet(s), Instructions, Cover Sheet Addendum(s) and Statement(s), Initial Order(s), Notice(s), Stipulation(s), Informal Discovery Conference, Stipulation(s) and Order(s)

3. **Court of Jurisdiction/Case Number:** Los Angeles County - Superior Court - Commonwealth Ave., CA
Case # BC596401

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

   _X_ Personally served by:       _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

   ___ Delivered Via:               ___ Certified Mail        ___ Regular Mail          ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  11/25/2015 10:50:00 AM CST

7. **Appearance/Answer Date:** Within 30 days after service (Document(s) may contain additional answer dates)

8. **Received From:**   Samuel A. Wong
Aegis Law Firm, P.C.
9811 Irvine Center Drive
Suite 100
Irvine, CA 92618
949-379-6250

9. **Federal Express Airbill #** 781793982942

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day

Image SOP

Email Notification, DEBIE BROWNING  DBROWNING@PRECASTCORP.COM

Email Notification, Jeremy Hughes  JHUGHES@PRECASTCORP.COM

Email Notification, Ruth A Beyer Sr. VP & GC  rbeyer@precastcorp.com

Email Notification, Emi Donis, VP, CCO & DGC  edonis@precastcorp.com

Email Notification, CHAD SEBER  CSEBER@PRECASTCORP.COM

Email Notification, GREG ASCHMAN  GASCHMAN@SPSTECH.COM

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  GREG ASCHMAN, SR VP - FINANCE
     PCC AIRFRAME PRODUCTS
     301 HIGHLAND AVENUE
     JENKINTOWN, PA 19046

SOP Transmittal #  **528230553**

213-337-4615 - Telephone

Entity Served:  SPS TECHNOLOGIES, LLC  (Domestic State: PENNSYLVANIA)

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by   Beatrice Casarez-Barrientez

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

EXHIBIT A - PAGE 4

11/23/15 @ 10:30 PM

**SUM-100**

## SUMMONS ON FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPS TECHNOLOGIES, LLC dba Air Industries Company; and DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONTIAN JACKSON, individually and on behalf of all others similarly
situated

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

NOV 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: _Stephanie Amador_, Deputy
**Stephanie Amador**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles, Central ~~District~~ Civil West
~~111 N. Hill Street~~ 600 S. Commonwealth Ave
Los Angeles, CA ~~90012~~ 90005

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| ~~BC595927~~ BC596401 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel A. Wong                                                    (949)379-6250
Aegis Law Firm, P.C.
9811 Irvine Center Drive Suite 100, Irvine, CA 92618

| DATE:<br>*(Fecha)* NOV 16 2015 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* STEPHANIE AMADOR | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☒ on behalf of *(specify):* SPS TECHNOLOGIES, LLC dba Air Industries Company<br>  under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT A, PAGE 5

1    **AEGIS LAW FIRM, PC**
     SAMUEL A. WONG, State Bar No. 217104
2    KASHIF HAQUE, State Bar No. 218672
3    JESSICA L. CAMPBELL, State Bar No. 280626
     9811 Irvine Center Drive, Suite 100
4    Irvine, California 92618
     Telephone: (949) 379-6250
5    Facsimile: (949) 379-6251

6    Attorneys for Plaintiff Jontian Jackson, individually
     and on behalf of all others similarly situated
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: _Stephanie Amador_, Deputy
Stephanie Amador

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF LOS ANGELES

10

11   JONTIAN JACKSON, individually and on
     behalf of all others similarly situated
12
                          Plaintiffs,
13

14                   vs.

15   SPS TECHNOLOGIES, LLC dba Air
     Industries Company; and DOES 1 through
16   20, inclusive,

17                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

Case No. ~~BC595927~~ BC596401

Assigned for All Purposes to:
Hon. Kenneth R. Freeman
Department 310

**FIRST AMENDED CLASS ACTION AND
REPRESENTATIVE ACTION COMPLAINT
FOR:**

1.  Failure to Pay Minimum Wages;

2.  Failure to Pay Overtime Wages;

3.  Failure to Provide Meal Periods;

4.  Failure to Permit Rest Breaks

5.  Failure to Provide Accurate Itemized Wage
    Statements;

6.  Failure to Maintain Records;

7.  Failure to Pay All Wages Due Upon
    Separation of Employment;

8.  Violation of Business and Professions
    Code §§ 17200, *et seq.*; and

9.  Enforcement of Labor Code § 2698 *et.
    seq.*("PAGA")

Plaintiff Jontian Jackson, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.  Plaintiff Jontian Jackson ("Plaintiff") brings this putative class action, pursuant to California Code of Civil Procedure section 382, and representative action, pursuant to Private Attorneys General Act of 2004, Cal. Lab. Code section 2698 *et seq.*, against defendants SPS Technologies, LLC, and DOES 1 through 20, inclusive (collectively, "Defendants" or "SPS"), on behalf of himself individually, other aggrieved employees, and a putative class of non-exempt employees employed by Defendants throughout California.

2.  SPS manufactures and distributes aerospace fasteners.

3.  Through this action, Plaintiff is alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a)  Failing to pay all wages (including minimum wage and overtime wages);

    (b)  Failing to include shift differentials, bonuses, and other remuneration in regular rates of pay;

    (c)  Failing to provide meal periods or compensation in lieu thereof;

    (d)  Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

    (e)  Failing to provide accurate itemized wage statements;

    (f)  Failing to keep true and accurate time records; and

    (g)  Failing to pay all wages due upon separation of employment.

5.  Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant

-1-

EXHIBIT A - PAGE 7

1  to Labor Code §§ 201-204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2,

2  1197, 1198, and 2698, *et seq.*

3  ### JURISDICTION AND VENUE

4      6.    This is a class action, pursuant to California Code of Civil Procedure § 382.  The

5  monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits

6  of the Superior Court and will be established according to proof at trial.

7      7.    This Court has jurisdiction over this action pursuant to the California

8  Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

9  causes except those given by statutes to other courts.  The statutes under which this action is

10  brought do not specify any other basis for jurisdiction.

11      8.    This Court has jurisdiction over all Defendants because, upon information and

12  belief, they are citizens of California, have sufficient minimum contacts in California or

13  otherwise intentionally avail themselves of the California market so as to render the exercise of

14  jurisdiction over them by the California courts consistent with traditional notions of fair play

15  and substantial justice.

16      9.    Venue is proper in this Court because, upon information and belief, Defendants

17  reside, transact business or have offices in this county and the acts and omissions alleged herein

18  took place in this county.

19  ### THE PARTIES

20      10.    Plaintiff is a resident of Los Angeles County who worked for Defendants during

21  the relevant time period.

22      11.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all

23  times hereinafter mentioned, were and are employers as defined in and subject to the Labor

24  Code and IWC Wage Orders, whose employees were and are engaged throughout this county

25  and the State of California.

26      12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

27  under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

28

-2-

CLASS ACTION COMPLAINT

1  Complaint and serve such fictitiously named defendants once their names and capacities
2  become known.

3      13.    Plaintiff is informed and believes, and based thereon alleges, that each defendant
4  acted in all respects pertinent to this action as the agent of the other defendant, carried out a
5  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each
6  defendant are legally attributable to the other defendant.  Furthermore, defendants in all
7  respects acted as the employer and/or joint employer of Plaintiff and the class members.

8      14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the
9  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or
10 DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on
11 the other's behalf.  The acts of any and all Defendants were in accordance with, and represent,
12 the official policy of Defendants.

13     15.    At all relevant times, Defendants, and each of them, acted within the scope of
14 such agency or employment, or ratified each and every act or omission complained of herein.
15 At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of
16 each and all the other Defendants in proximately causing the damages herein alleged.

17     16.    Plaintiff is informed and believes, and thereon alleges, that each of said
18 Defendants is in some manner intentionally, negligently or otherwise responsible for the acts,
19 omissions, occurrences and transactions alleged herein.

20                          **CLASS ACTION ALLEGATIONS**

21     17.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of
22 himself and all others similarly situated who were affected by Defendants' Labor Code,
23 Business and Professions Code §§ 17200 and IWC Wage Order violations.

24     18.    All claims alleged herein arise under California law for which Plaintiff seeks
25 relief authorized by California law.

26     19.    Plaintiff's proposed Class consists of and is defined as follows:

27

28

-3-

CLASS ACTION COMPLAINT

<u>Class</u>
All current and former non-exempt employees employed by Defendants in the State of California within four years prior to the filing of this action to the present.

20.    Plaintiff also seeks to certify the following Subclass of employees:

<u>Waiting Time Subclass</u>
All Class members who separated their employment with Defendants at any time within three years prior to the filing of this action to the present.

21.    Plaintiff reserves the right to establish other or additional Subclasses, or modify any Class or Subclass definition, as appropriate.

22.    Members of the Class and Subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to re-define the above Class and Subclass and add additional Subclasses as appropriate based on investigation, discovery and specific theories of liability.

23.    There are common questions of law and fact as to the Class and Subclass that predominate over any questions affecting only individual members including, but not limited to:

(a)    Whether Defendants rounded time punches in its favor, resulting in a failure to pay at least minimum wage for all hours worked by Plaintiff and class members;

(b)    Whether Defendants required Plaintiff and class members to work over 8 hours per day, over twelve (12) hours per day and/or over forty (40) hours per week and failed to pay them overtime compensation at the proper rate;

(c)    Whether Defendants improperly calculated Plaintiff and class members' overtime rate of pay by not including shift differentials, bonuses, and other remuneration in their regular rate of pay;

(d)    Whether Defendants deprived Plaintiff and class members of timely meal periods or required Plaintiff and class members to work through meal periods without compensation;

(e)    Whether Defendants deprived Plaintiff and class members of rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

-4-

1       (e)    Whether Defendants failed to provide accurate itemized wage statements

2 to Plaintiff and class members;

3       (f)    Whether Defendants failed to keep true and accurate time records for

4 Plaintiff and class members;

5       (g)    Whether Defendants failed to timely pay all wages due to Plaintiff and

6 Subclass members upon termination or within seventy-two (72) hours of resignation;

7       (h)    Whether Defendants' conduct was willful or reckless; and

8       (i)    Whether Defendants engaged in unfair business practices in violation of

9 Business and Professions Code §§ 17200, *et seq.*

10     24.    There is a well-defined community of interest in this litigation and the proposed

11 Class and Subclass are readily ascertainable:

12       (a)    Numerosity: The members of the Class and Subclass are so numerous

13 that joinder of all members is impractical. Although the members of the entire Class and

14 Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

15 to be greater than one hundred (100) individuals. The identities of the Class and Subclass are

16 readily ascertainable by inspection of Defendants' employment and payroll records.

17       (b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

18 claims (or defenses, if any) of the class because Defendants' failure to comply with the

19 provisions of California's wage and hour laws entitled each class member to similar pay,

20 benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries

21 sustained by the Class and Subclass, because they arise out of and are caused by Defendants'

22 common course of conduct as alleged herein.

23       (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

24 interests of all members of the Class and Subclass because it is in his best interests to prosecute

25 the claims alleged herein to obtain full compensation and penalties due his and the Class and

26 Subclass. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in

27 litigating large employment class actions and versed in the rules governing class action

28 discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of

1   this action, will continue to incur attorneys' fees and costs that have been and will be

2   necessarily expended for the prosecution of this action for the substantial benefit of each class

3   member.

4           (d)    Superiority: The nature of this action makes use of class action

5   adjudication superior to other methods. A class action will achieve economies of time, effort

6   and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because

7   the same issues can be adjudicated in the same manner and at the same time for the entire Class

8   and Subclass. If appropriate this Court can, and is empowered to, fashion methods to

9   efficiently manage this case as a class action.

10          (e)    Public Policy Considerations: Employers in the State of California

11   violate employment and labor laws every day. Current employees are often afraid to assert

12   their rights out of fear of direct or indirect retaliation. Former employees are fearful of

13   bringing actions because they believe their former employers might damage their future

14   endeavors through negative references and/or other means. Class actions provide the class

15   members who are not named in the complaint with a type of anonymity that allows for the

16   vindication of their rights at the same time as affording them privacy protections.

17                       **GENERAL ALLEGATIONS**

18       25.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

19   persons as non-exempt employees.

20       26.    Plaintiff was employed in a non-exempt position at Defendants' California

21   business location(s).

22       27.    Defendants continue to employ non-exempt employees within California.

23       28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

24   mentioned, Defendants were advised by skilled lawyers, employees and other professionals

25   who were knowledgeable about California's wage and hour laws, employment and personnel

26   practices and the requirements of California law.

27       29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28   should have known that Plaintiff and class members were entitled to receive at least minimum

1    wages and that they were not receiving at least minimum wages for work that was required to

2    be performed.   In violation of the Labor Code and IWC Wage Orders, Plaintiff and class

3    members were not paid at least minimum wages for all hours worked when Defendants

4    rounded Plaintiff's and class members' time punches to Defendants' advantage, among other

5    things.

6        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7    should have known that Plaintiff and class members were entitled to receive certain wages for

8    overtime compensation.   In violation of the Labor Code and applicable IWC Wage Order,

9    Plaintiff and class members were not properly paid for all of their overtime work because

10   Defendants failed to include shift differentials, bonuses, and other remuneration in the

11   computation of Plaintiff and class members' regular rate of pay, which caused Plaintiff and

12   class members not to be paid proper overtime and double time wages.

13       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14   should have known that Plaintiff and class members were entitled to receive all required meal

15   periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

16   rate of pay when they did not receive a timely, uninterrupted meal period.   In violation of the

17   Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal

18   periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

19   rate of pay when they did not receive a timely, uninterrupted meal period.

20       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21   should have known that Plaintiff and class members were entitled to receive all rest breaks or

22   payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

23   when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff

24   and class members did not receive all rest breaks or payment of one (1) additional hour of pay

25   at Plaintiff and class members' regular rate of pay when a rest break was missed.

26       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27   should have known that Plaintiff and class members were entitled to receive itemized wage

28   statements that accurately showed their gross and net wages earned, total hours worked and all

-7-

1   applicable hourly rates in effect and the number of hours worked at each hourly rate in

2   accordance with California law. In violation of the Labor Code, Plaintiff and class members

3   were not provided with accurate itemized wage statements.

4       34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5   should have known that Plaintiff and former class members were entitled to timely payment of

6   wages due upon separation of employment. In violation of the Labor Code, Plaintiff and

7   Waiting Time Subclass members did not receive payment of all wages within permissible time

8   periods.

9       35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10   should have known they had a duty to compensate Plaintiff and class members, and Defendants

11   had the financial ability to pay such compensation but willfully, knowingly and intentionally

12   failed to do so all in order to increase Defendants' profits.

13

**FIRST CAUSE OF ACTION**

14

**FAILURE TO PAY MINIMUM WAGES**
(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)

15

16       36.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

17   though fully set forth herein.

18       37.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

19   fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

20   wage than the minimum so fixed is unlawful.

21       38.     During the relevant time period, Defendants paid Plaintiff and class members

22   less than minimum wages when they rounded Plaintiff's and class members' time punches to

23   their advantage, among other things. To the extent these hours do not qualify for the payment

24   of overtime, Plaintiff and class members were not being paid at least minimum wages for their

25   work.

26       39.     During the relevant time period, Defendants regularly failed to pay at least

27   minimum wages to Plaintiff and class members for all hours worked pursuant to Labor Code

28   §§ 1194 and 1197.

40.     Defendants' failure to pay Plaintiff and class members the required minimum wages violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

41.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND DOUBLE TIME
(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)

42.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

45.     Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

46.     During the relevant time period, Defendants have improperly calculated the overtime and double time rates for class members because the rates did not include shift differentials, bonuses, and other remuneration in the computation of their regular rate of pay,

-9-

1    which caused Plaintiff and class members not to be paid proper overtime and double time

2    wages.

3       47.     During the relevant time period, Defendants failed to pay Plaintiff and class

4    members all overtime and double time wages owed when they rounded Plaintiff's and class

5    members' time punches to their advantage, among other things. To the extent these hours

6    qualify for the payment of overtime, Plaintiff and class members were not being paid overtime

7    wages for their work

8       48.     In violation of state law, Defendants have knowingly and willfully refused to

9    perform their obligations and compensate Plaintiff and class members for all wages earned and

10    all hours worked, including work performed off the clock as alleged above.

11       49.     Defendants' failure to pay Plaintiff and class members the unpaid balance of

12    overtime and double time compensation, as required by California law, violates the provisions

13    of Labor Code §§ 510 and 1198, and is therefore unlawful.

14       50.     Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to

15    recover their unpaid overtime and double time compensation as well as interest, costs and

16    attorneys' fees.

17                       **THIRD CAUSE OF ACTION**

18              **FAILURE TO PROVIDE MEAL PERIODS**

        (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

19

20       51.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

21    though fully set forth herein

22       52.     Labor Code § 226.7 provides that no employer shall require an employee to work

23    during any meal period mandated by the IWC Wage Orders.

24       53.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ

25    any person for a work period of more than five (5) hours without a meal period of not less than

26    30 minutes, except that when a work period of not more than six (6) hours will complete the

27    day's work the meal period may be waived by mutual consent of the employer and the

28    employee."

54.     Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

55.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.     During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were short, missed, or late and/or they were not permitted to take a second meal period.

57.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

58.     At all relevant times, Defendants failed to pay Plaintiff and class members meal period premium for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

59.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

### FOURTH CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS
(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

60.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-11-

1      61.    Labor Code § 226.7(a) provides that no employer shall require an employee to

2    work during any rest period mandated by the IWC Wage Orders.

3      62.    Section 12 of the applicable IWC Wage Order states "every employer shall

4    authorize and permit all employees to take rest periods, which insofar as practicable shall be in

5    the middle of each work period" and the "authorized rest period time shall be based on the total

6    hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

7    fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

8      63.    During the relevant time period, Plaintiff and class members did not receive a ten

9    (10) minute rest period for every four (4) hours or major fraction thereof worked because they

10    were required to work through their daily rest periods and/or were not authorized to take their

11    rest periods.

12      64.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

13    requires an employer to pay an employee one additional hour of pay at the employee's regular

14    rate of compensation for each work day that the rest period is not provided.

15      65.    At all relevant times, Defendants failed to pay Plaintiff and class members rest

16    period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and

17    section 12 of the applicable IWC Wage Order.

18      66.    As a result of Defendants' failure to pay Plaintiff and class members an

19    additional hour of pay for each day a rest period was not provided, Plaintiff and class members

20    suffered and continue to suffer a loss of wages and compensation.

21                 **FIFTH CAUSE OF ACTION**

22       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

                        (Violation of Labor Code § 226)

23

24      67.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

25    though fully set forth herein.

26      68.    Labor Code § 226(a) requires Defendants to provide each employee with an

27    accurate wage statement in writing showing nine pieces of information, including: (1) gross

28    wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

CLASS ACTION COMPLAINT

earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

70. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and class members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

-13-

71.     Plaintiff and class members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

72.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

73.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

### SIXTH CAUSE OF ACTION

### FAILURE TO MAINTAIN RECORDS
(Violation of Labor Code §§ 1174 and 1174.5; Violation of IWC Wage Order § 7)

74.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

75.     Labor Code § 1174(d) requires employers to keep payroll records showing the hours worked daily and the wages paid to their employees.

76.     Section 7 of the applicable IWC Wage Order provides that every employer shall keep accurate information with respect to each employee including time records showing when meal periods begin and end, total hours worked in the payroll period and applicable rates of pay.

77.     Pursuant to Labor Code § 1174.5, any person employing labor who willfully fails to maintain the records required by Labor Code § 1174(d) is subject to a civil penalty of five hundred dollars ($500).

-14-

78.     During the relevant time period, Defendants willfully failed to maintain accurate records for Plaintiff and class members showing when meal periods begin and end, total hours worked in the payroll period and the applicable rates of pay for all regular time, overtime and waiting time periods.

79.     As a result of Defendants knowing and willful failure to comply with Labor Code § 1174, Plaintiff and class members have suffered an injury in that they were prevented from knowing, understanding and disputing the wage payments paid to them.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT
(Violation of Labor Code §§ 201, 202 and 203)

80.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

82.     During the relevant time period, Defendants willfully failed to pay Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

83.     Defendants' failure to pay Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

84.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate

-15-

1   until paid or until an action is commenced; but the wages shall not continue for more than thirty

2   (30) days.

3       85.     Waiting Time Subclass members are entitled to recover from Defendants the

4   statutory penalty which is defined as Waiting Time Subclass members regular daily wages for

5   each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

6   maximum pursuant to Labor Code § 203.

7                          **EIGHTH CAUSE OF ACTION**

8       **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

9

10      86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

11  though fully set forth herein.

12      87.     Defendants' conduct, as alleged herein, has been and continues to be unfair,

13  unlawful and harmful to Plaintiff and class members. Plaintiff seeks to enforce important rights

14  affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

15      88.     Defendants' activities, as alleged herein, violate California law and constitute

16  unlawful business acts or practices in violation of California Business and Professions Code

17  §§ 17200, *et seq.*

18      89.     A violation of Business and Professions Code §§ 17200, *et seq.* may be

19  predicated on the violation of any state or federal law.

20      90.     Defendants' policies and practices have violated state law in at least the

21  following respects:

22          (a)     Failing to pay at least minimum wage to Plaintiff and class members in

23  violation of Labor Code §§ 1194 and 1197;

24          (b)     Failing to compensate Plaintiff and class members with all required

25  overtime and double time pay as herein alleged in violation of Labor Code §§ 510, 1194 and

26  1198;

27

28

-16-

1          (c)     Failing to provide meal periods without paying Plaintiff and class

2  members premium wages for every day said meal periods were not provided in violation of

3  Labor Code §§ 226.7 and 512;

4          (d)     Failing to authorize or permit rest breaks without paying Plaintiff and

5  class members premium wages for every day said rest breaks were not authorized or permitted

6  in violation of Labor Code § 226.7;

7          (e)     Failing to provide Plaintiff and class members with accurate itemized

8  wage statements in violation of Labor Code § 226;

9          (f)     Failing to maintain the employment records of Plaintiff and class

10  members in violation of Labor Code §§ 1174 and 1174.5; and

11          (e)     Failing to timely pay all earned wages to Plaintiff and Waiting Time

12  Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and

13  203.

14     91.    Defendants intentionally avoided paying Plaintiff and class members' wages and

15  monies, thereby creating for Defendants an artificially lower cost of doing business in order to

16  undercut their competitors and establish and gain a greater foothold in the marketplace.

17     92.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class

18  members are entitled to restitution of the wages unlawfully withheld and retained by

19  Defendants during a period that commences four years prior to the filing of the Complaint; an

20  award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

21  laws; and an award of costs.

22

### NINTH CAUSE OF ACTION

23

### ENFORCEMENT OF LABOR CODE § 2698 *ET SEQ.* ("PAGA")

24

25     93.    Plaintiff hereby re-alleges and incorporates by reference the previous

26  paragraphs, as though fully set forth herein.

27     94.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that

28  provides for a civil penalty to be assessed and collected by the Labor and Workforce

-17-

1   Development Agency ("LWDA") or any of its departments, divisions, commissions, boards,

2   agencies or employees for violation of the code may, as an alternative, be recovered through a

3   civil action brought by an aggrieved employee on behalf of himself or herself and other current

4   or former employees pursuant to the procedures specified in Labor Code § 2699.3.

5       95.     For all provisions of the Labor Code except those for which a civil penalty is

6   specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred

7   dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two

8   hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay

9   period in which Defendant violated these provisions of the Labor Code.

10      96.     Defendants' conduct violates numerous Labor Code sections including, but not

11  limited to, the following:

12          (a) Violation of Labor Code §§ 201-203, 204, 510, 1194, 1197 and 1198 for failure

13              to timely pay all earned wages (including minimum wages and overtime wages)

14              owed to Plaintiff and other aggrieved employees during employment and upon

15              separation of employment as herein alleged;

16          (b) Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to

17              Plaintiff and other aggrieved employees and failure to pay premium wages for

18              missed meal periods as herein alleged;

19          (c) Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and

20              other aggrieved employees and failure to pay premium wages for missed rest

21              periods as herein alleged;

22          (d) Violation of Labor Code § 226 for failure to provide accurate itemized wage

23              statements to Plaintiff and other aggrieved employees as herein alleged; and

24          (e) Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate and

25              complete records showing, among other things, the hours worked daily by and the

26              wages paid to aggrieved employees.

27      97.     Further, Labor Code § 558(a) provides "any employer or other person acting on

28  behalf of an employer who violates, or causes to be violated, a section of this chapter or any

-18-

CLASS ACTION COMPLAINT

1   provisions regulating hours and days of work in any order of the IWC shall be subject to a civil
2   penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for
3   each pay period for which the employee was underpaid in addition to an amount sufficient to
4   recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for
5   each underpaid employee for each pay period for which the employee was underpaid in
6   addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to
7   this section shall be paid to the affected employee." Labor Code § 558(c) provides "the civil
8   penalties provided for in this section are in addition to any other civil or criminal penalty
9   provided by law."

10        98.    As set forth above, Defendants have violated numerous provisions of the Labor
11   Code regulating hours and days of work as well as the IWC Wage Orders.  Accordingly,
12   Plaintiff seeks the remedies set forth in Labor Code § 558 for himself, the underpaid
13   employees, and the State of California.

14        99.    Plaintiff is an "aggrieved employee" because he was employed by the alleged
15   violator and had one or more of the alleged violations committed against him, and therefore is
16   properly suited to represent the interests of all other aggrieved employees.

17        100.   Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3
18   as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and
19   all other aggrieved employees under PAGA.

20        101.   PAGA imposes a penalty of one hundred dollars ($100.00) for each aggrieved
21   employee per pay period for the initial violation and two hundred dollars ($200.00) for each
22   aggrieved employee per pay period for each subsequent violation.

23        102.   Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to
24   recover civil penalties, in addition to other remedies, for violations of the Labor Code sections
25   cited above.

26        103.   For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred
27   herein.

28

-19-

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2. For appointment of Jontian Jackson as the class representative;

3. For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For liquidated damages pursuant to Labor Code § 1194.2;

7. For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to PAGA, Code of Civil Procedure § 1021.5, and Labor Code §§ 226(e) and 1194;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

11. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

12. For penalties pursuant to PAGA;

13. For pre-judgment interest; and

///

///

-20-

14.   For such other relief as the Court deems just and proper.

Dated: November 13, 2015          **AEGIS LAW FIRM, PC**

By: _____
                                      Jessica L. Campbell
                                      Attorneys for Plaintiff

-21-

CLASS ACTION COMPLAINT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Samuel A. Wong (SBN:217104); Jessica L. Campbell (SBN:280626)
Aegis Law Firm, P.C.
9811 Irvine Center Drive Suite 100, Irvine, CA 92618
TELEPHONE NO.: (949)379-6250      FAX NO.: (949)379-6251
ATTORNEY FOR *(Name):* Plaintiff Iontian Jackson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
Jackson v. SPS Technologies, LLC. dba Air Industries Company

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 30 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 5 9 6 4 0 1   JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 29, 2015
Jessica L. Campbell
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)—Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice—
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER BC 5 9 6 4 0 1 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  YES    CLASS ACTION? ✓ YES   LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL  7-10    HOURS/ ✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

|  | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 2. |
| | | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐  A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐  A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6, 11<br>2., 5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3

EXHIBIT A - PAGE 32

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: September 29, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT A - PAGE 33

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2015

Sherri R. Carter, Executive Officer/Clerk
By Ana Cisneros, Deputy

1

2

3

4

5

6

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10                  CENTRAL DISTRICT

| | |
|---|---|
| JONTIAN JACKSON, individually and on behalf of all others similarly situated, | Case No. BC595927 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
| SPS TECHNOLOGIES, LLC dba Air Industries Company; and DOES 1 through 20, inclusive | Department: 310<br>Date:      January 29, 2016<br>Time:     10:00 a.m. |
| Defendants. | |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for January 29, 2016 at 10:00 a.m. in Department 310 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

EXHIBIT A - PAGE 34

INITIAL STATUS CONFERENCE ORDER

Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

-2-

INITIAL STATUS CONFERENCE ORDER

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

INITIAL STATUS CONFERENCE ORDER

kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

- File & Serve Xpress (https://secure.fileandservexpress.com) or
- CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER

1   parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic

2   service is not the same as electronic filing. Only traditional methods of filing by physical delivery

3   of original papers or by fax filing are presently acceptable.

4       **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

5       "A dismissal of an entire class action, or of any party or cause of action in a class action,

6

7   requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting

8   forth the facts on which the party relies. The declaration must clearly state whether consideration,

9   direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

10  If the parties have settled the class action, that too will require judicial approval based on a noticed

11  motion (although it may be possible to shorten time by consent for good cause shown).

12      Pending further order of this Court, and except as otherwise provided in this Initial Status

13  Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

14  filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

15  Court. However, any defendant may file a Notice of Appearance for purposes of identification of

16  counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

17

18  without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

19  challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

20  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

21  parties in managing this "complex" case through the development of an orderly schedule for

22

23  briefing and hearings on procedural and substantive challenges to the complaint and other issues

24  that may assist in the orderly management of these cases. This stay shall not preclude the parties

25  from informally exchanging documents that may assist in their initial evaluation of the issues

26  _____

27  [2] California Rule of Court, Rule 3.770(a)

28

EXHIBIT A - PAGE 38

INITIAL STATUS CONFERENCE ORDER

1   presented in this case, however shall stay all outstanding discovery requests.

2       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4   service of this order. If any defendant has not been served in this action, service is to be completed

5   within twenty (20) days of the date of this order.

6       Dated: October 16, 2015

7

8                                  KENNETH R. FREEMAN

9                               Judge Kenneth R. Freeman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| ATE: 10/16/15 | | DEPT. 310 |
|---|---|---|
| NORABLE Kenneth R. Freeman | JUDGE A. Cisneros | DEPUTY CLERK |
| NORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| .S.C. Notice none | Deputy Sheriff none | Reporter |

| 3:00 pm | BC596401 | Plaintiff Counsel | n/a |
| | JONTIAN JACKSON | | |
| | VS | Defendant Counsel | n/a |
| | SPS TECHNOLOGIES LLC | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
January 29, 2016 at 10:00 a.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 310

MINUTES ENTERED
10/16/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ATE: 10/16/15 | | DEPT. 310 |
| ONORABLE Kenneth R. Freeman    JUDGE | A. Cisneros | DEPUTY CLERK |
| ONORABLE                  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| .S.C. Notice | | |
| none           Deputy Sheriff | none | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC596401 | Plaintiff           n/a | |
| | | Counsel | |
| | JONTIAN JACKSON | | |
| | VS | Defendant       n/a | |
| | SPS TECHNOLOGIES LLC | Counsel | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

Plaintiff's counsel to give notice.

            CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the
INITIAL STATUS CONFERENCE ORDER
upon each party or counsel named below by placing the document for collection and mailing so as to

                Page    2 of    3    DEPT. 310

> MINUTES ENTERED
> 10/16/15
> COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| ΛΤΕ: 10/16/15 | | | DEPT. 310 |
|---|---|---|---|
| ЮNORABLE Kenneth R. Freeman | JUDGE | A. Cisneros | DEPUTY CLERK |
| ЮNORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| .S.C. Notice | | | |
| none | Deputy Sheriff | none | Reporter |

| 3:00 pm | BC596401 | | | Plaintiff   n/a | |
|---|---|---|---|---|---|
| | | | | Counsel | |
| | JONTIAN JACKSON | | | Defendant   n/a | |
| | VS | | | Counsel | |
| | SPS TECHNOLOGIES LLC | | | | |

**NATURE OF PROCEEDINGS:**

cause it to be deposited in the United States mail
at the Central Civil West Courthouse, Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: October 16, 2016

Sherri R. Carter, Executive Officer/Clerk

By: _____
                A. Cisneros


AEGIS LAW FIRM, PC
SAMUEL A. WONG
KASHIF HAQUE
JESSICA L. CAMPBELL
9811 IRVINE CENTER DRIVE, SUITE 100
IRVINE, CA 92618
(Attorney for Plaintiff)


Page   3 of   3   DEPT. 310

```
MINUTES ENTERED
10/16/15
COUNTY CLERK
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

**BC 5 9 6 4 0 1**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge William F. Highberger | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| ☒ | Judge Kenneth Freeman | 310 | 1412 |
| | Judge Jane Johnson | 308 | 1415 |
| | Judge Amy D. Hogue | 307 | 1402 |
| | OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk
SHERRI R. CARTER

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                              By _____, Deputy Clerk
For Optical Use                                         M. Soto

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

EXHIBIT A - PAGE 44

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                               (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)<br>LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT A - PAGE 47

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).
3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

A6024      90012

1  **AEGIS LAW FIRM, PC**
   SAMUEL A. WONG, State Bar No. 217104
2  KASHIF HAQUE, State Bar No. 218672
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
4  Irvine, California 92618
   Telephone: (949) 379-6250
5  Facsimile: (949) 379-6251

6  Attorneys for Plaintiff Jontian Jackson, individually
   and on behalf of all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

SEP 3 0 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

7  CA-CCW-D-310   KENNETH FREEMAN   DEPT 38   MAUREEN DUFFY-LEWIS

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

11  JONTIAN JACKSON, individually and on       Case No.   **BC 5 9 6 4 0 1**
    behalf of all others similarly situated
12
13               Plaintiffs,                    **CLASS ACTION COMPLAINT FOR:**

14      vs.                                     1.  Failure to Pay Minimum Wages;

15  SPS TECHNOLOGIES, LLC dba Air               2.  Failure to Pay Overtime Wages;
    Industries Company; and DOES 1 through
16  20, inclusive,                              3.  Failure to Provide Meal Periods;

17               Defendants.                    4.  Failure to Permit Rest Breaks;

18                                              5.  Failure to Provide Accurate Itemized Wage
19                                                  Statements;

20                                              6.  Failure to Maintain Records;

21                                              7.  Failure to Pay All Wages Due Upon
22                                                  Separation of Employment; and

23                                              8.  Violation of Business and Professions
24                                                  Code §§ 17200, et seq.
25
26
27
28

                    CLASS ACTION COMPLAINT

RECEIPT #: CCH524680081
DATE PAID: 09/30/15
PAYMENT: $1,435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:
$1,435.00
$0.00
$0.00
$0.00
03111 PM
310
CIT/CASE:
LEV/DEF#:
BC596401

1    Plaintiff Jontian Jackson, individually and on behalf of others similarly situated, alleges

2    as follows:

3           **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.      Plaintiff Jontian Jackson ("Plaintiff") brings this putative class action against

5    defendants SPS Technologies, LLC, and DOES 1 through 20, inclusive (collectively,

6    "Defendants" or "SPS"), on behalf of himself individually and a putative class of non-exempt

7    employees employed by Defendants throughout California.

8    2.      SPS manufactures and distributes aerospace fasteners.

9    3.      Through this action, Plaintiff is alleging that Defendants have engaged in a

10   systematic pattern of wage and hour violations under the California Labor Code and Industrial

11   Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate

12   unfair competition.

13   4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have

14   increased their profits by violating state wage and hour laws by, among other things:

15          (a) Failing to pay all wages (including minimum wage and overtime wages);

16          (b) Failing to include shift differentials, bonuses, and other remuneration in regular

17          rates of pay;

18          (c) Failing to provide meal periods or compensation in lieu thereof;

19          (d) Failing to authorize or permit rest breaks or provide compensation in lieu

20          thereof;

21          (e) Failing to provide accurate itemized wage statements;

22          (f) Failing to keep true and accurate time records; and

23          (g) Failing to pay all wages due upon separation of employment.

24   5.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on

25   behalf of himself and all others similarly situated in California to recover, among other things,

26   unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant

27   to Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197,

28   and 1198.

-1-

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

6.   This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.   This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.   This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.   Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.   Plaintiff is a resident of Los Angeles County who worked for Defendants during the relevant time period.

11.   Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

12.   Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

CLASS ACTION COMPLAINT

13.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.    Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.    At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

### CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

18.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.    Plaintiff's proposed Class consists of and is defined as follows:

Class
All current and former non-exempt employees employed by Defendants in the State of California within four years prior to the filing of this action to the present.

-3-

CLASS ACTION COMPLAINT

1    20.    Plaintiff also seeks to certify the following Subclass of employees:

2    Waiting Time Subclass
3    All Class members who separated their employment with Defendants at
     any time within three years prior to the filing of this action to the present.

4    21.    Plaintiff reserves the right to establish other or additional Subclasses, or modify

5    any Class or Subclass definition, as appropriate.

6    22.    Members of the Class and Subclass described above will be collectively referred

7    to as "class members."  Plaintiff reserves the right to re-define the above Class and Subclass

8    and add additional Subclasses as appropriate based on investigation, discovery and specific

9    theories of liability.

10   23.    There are common questions of law and fact as to the Class and Subclass that

11   predominate over any questions affecting only individual members including, but not limited to:

12   (a)    Whether Defendants rounded time punches in its favor, resulting in a

13   failure to pay at least minimum wage for all hours worked by Plaintiff and class members;

14   (b)    Whether Defendants required Plaintiff and class members to work over 8

15   hours per day, over twelve (12) hours per day and/or over forty (40) hours per week and failed

16   to pay them overtime compensation at the proper rate;

17   (c)    Whether Defendants improperly calculated Plaintiff and class members'

18   overtime rate of pay by not including shift differentials, bonuses, and other remuneration in

19   their regular rate of pay;

20   (d)    Whether Defendants deprived Plaintiff and class members of timely

21   meal periods or required Plaintiff and class members to work through meal periods without

22   compensation;

23   (e)    Whether Defendants deprived Plaintiff and class members of rest breaks

24   or required Plaintiff and class members to work through rest breaks without compensation;

25   (e)    Whether Defendants failed to provide accurate itemized wage statements

26   to Plaintiff and class members;

27   (f)    Whether Defendants failed to keep true and accurate time records for

28   Plaintiff and class members;

-4-

CLASS ACTION COMPLAINT

1    (g)    Whether Defendants failed to timely pay all wages due to Plaintiff and

2    Subclass members upon termination or within seventy-two (72) hours of resignation;

3    (h)    Whether Defendants' conduct was willful or reckless; and

4    (i)    Whether Defendants engaged in unfair business practices in violation of

5    Business and Professions Code §§ 17200, *et seq.*

6    24.    There is a well-defined community of interest in this litigation and the proposed

7    Class and Subclass are readily ascertainable:

8    (a)    Numerosity: The members of the Class and Subclass are so numerous

9    that joinder of all members is impractical.  Although the members of the entire Class and

10   Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

11   to be greater than one hundred (100) individuals.  The identities of the Class and Subclass are

12   readily ascertainable by inspection of Defendants' employment and payroll records.

13   (b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

14   claims (or defenses, if any) of the class because Defendants' failure to comply with the

15   provisions of California's wage and hour laws entitled each class member to similar pay,

16   benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries

17   sustained by the Class and Subclass, because they arise out of and are caused by Defendants'

18   common course of conduct as alleged herein.

19   (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

20   interests of all members of the Class and Subclass because it is in his best interests to prosecute

21   the claims alleged herein to obtain full compensation and penalties due his and the Class and

22   Subclass.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in

23   litigating large employment class actions and versed in the rules governing class action

24   discovery, certification and settlement.  Plaintiff has incurred and, throughout the duration of

25   this action, will continue to incur attorneys' fees and costs that have been and will be

26   necessarily expended for the prosecution of this action for the substantial benefit of each class

27   member.

28

-5-

CLASS ACTION COMPLAINT

1         (d)    Superiority: The nature of this action makes use of class action

2 adjudication superior to other methods.  A class action will achieve economies of time, effort

3 and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because

4 the same issues can be adjudicated in the same manner and at the same time for the entire Class

5 and Subclass.  If appropriate this Court can, and is empowered to, fashion methods to

6 efficiently manage this case as a class action.

7         (e)    Public Policy Considerations: Employers in the State of California

8 violate employment and labor laws every day.  Current employees are often afraid to assert

9 their rights out of fear of direct or indirect retaliation.  Former employees are fearful of

10 bringing actions because they believe their former employers might damage their future

11 endeavors through negative references and/or other means.  Class actions provide the class

12 members who are not named in the complaint with a type of anonymity that allows for the

13 vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

15     25.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

16 persons as non-exempt employees.

17     26.    Plaintiff was employed in a non-exempt position at Defendants' California

18 business location(s).

19     27.    Defendants continue to employ non-exempt employees within California.

20     28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

21 mentioned, Defendants were advised by skilled lawyers, employees and other professionals

22 who were knowledgeable about California's wage and hour laws, employment and personnel

23 practices and the requirements of California law.

24     29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

25 should have known that Plaintiff and class members were entitled to receive at least minimum

26 wages and that they were not receiving at least minimum wages for work that was required to

27 be performed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class

28 members were not paid at least minimum wages for all hours worked when Defendants

-6-

1   rounded Plaintiff's and class members' time punches to Defendants' advantage, among other

2   things.

3         30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4   should have known that Plaintiff and class members were entitled to receive certain wages for

5   overtime compensation.  In violation of the Labor Code and applicable IWC Wage Order,

6   Plaintiff and class members were not properly paid for all of their overtime work because

7   Defendants failed to include shift differentials, bonuses, and other remuneration in the

8   computation of Plaintiff and class members' regular rate of pay, which caused Plaintiff and

9   class members not to be paid proper overtime and double time wages.

10         31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11   should have known that Plaintiff and class members were entitled to receive all required meal

12   periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

13   rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the

14   Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal

15   periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

16   rate of pay when they did not receive a timely, uninterrupted meal period.

17         32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18   should have known that Plaintiff and class members were entitled to receive all rest breaks or

19   payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

20   when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff

21   and class members did not receive all rest breaks or payment of one (1) additional hour of pay

22   at Plaintiff and class members' regular rate of pay when a rest break was missed.

23         33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

24   should have known that Plaintiff and class members were entitled to receive itemized wage

25   statements that accurately showed their gross and net wages earned, total hours worked and all

26   applicable hourly rates in effect and the number of hours worked at each hourly rate in

27   accordance with California law.  In violation of the Labor Code, Plaintiff and class members

28   were not provided with accurate itemized wage statements.

-7-

1    34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

2  should have known that Plaintiff and former class members were entitled to timely payment of

3  wages due upon separation of employment.   In violation of the Labor Code, Plaintiff and

4  Waiting Time Subclass members did not receive payment of all wages within permissible time

5  periods.

6    35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7  should have known they had a duty to compensate Plaintiff and class members, and Defendants

8  had the financial ability to pay such compensation but willfully, knowingly and intentionally

9  failed to do so all in order to increase Defendants' profits.

10    **FIRST CAUSE OF ACTION**

11    **FAILURE TO PAY MINIMUM WAGES**
(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)

12    36.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13  though fully set forth herein.

14    37.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

15  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

16  wage than the minimum so fixed is unlawful.

17    38.    During the relevant time period, Defendants paid Plaintiff and class members

18  less than minimum wages when they rounded Plaintiff's and class members' time punches to

19  their advantage, among other things. To the extent these hours do not qualify for the payment

20  of overtime, Plaintiff and class members were not being paid at least minimum wages for their

21  work.

22    39.    During the relevant time period, Defendants regularly failed to pay at least

23  minimum wages to Plaintiff and class members for all hours worked pursuant to Labor Code

24  §§ 1194 and 1197.

25    40.    Defendants' failure to pay Plaintiff and class members the required minimum

26  wages violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class

27  members are entitled to recover the unpaid balance of their minimum wage compensation as

28  well as interest, costs and attorneys' fees.

-8-

41.   Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND DOUBLE TIME
(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)

42.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.   Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.   Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

45.   Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

46.   During the relevant time period, Defendants have improperly calculated the overtime and double time rates for class members because the rates did not include shift differentials, bonuses, and other remuneration in the computation of their regular rate of pay, which caused Plaintiff and class members not to be paid proper overtime and double time wages.

47.   During the relevant time period, Defendants failed to pay Plaintiff and class members all overtime and double time wages owed when they rounded Plaintiff's and class members' time punches to their advantage, among other things. To the extent these hours

-9-

EXHIBIT A - PAGE 62
Doc# 1 Page# 10 - Doc ID = 1629261639 - Doc Type = OTHER

1    qualify for the payment of overtime, Plaintiff and class members were not being paid overtime

2    wages for their work

3        48.    In violation of state law, Defendants have knowingly and willfully refused to

4    perform their obligations and compensate Plaintiff and class members for all wages earned and

5    all hours worked, including work performed off the clock as alleged above.

6        49.    Defendants' failure to pay Plaintiff and class members the unpaid balance of

7    overtime and double time compensation, as required by California law, violates the provisions

8    of Labor Code §§ 510 and 1198, and is therefore unlawful.

9        50.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to

10   recover their unpaid overtime and double time compensation as well as interest, costs and

11   attorneys' fees.

12                        **THIRD CAUSE OF ACTION**

13                     **FAILURE TO PROVIDE MEAL PERIODS**
        (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)
14

15       51.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16   though fully set forth herein

17       52.    Labor Code § 226.7 provides that no employer shall require an employee to work

18   during any meal period mandated by the IWC Wage Orders.

19       53.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

20   any person for a work period of more than five (5) hours without a meal period of not less than

21   30 minutes, except that when a work period of not more than six (6) hours will complete the

22   day's work the meal period may be waived by mutual consent of the employer and the

23   employee."

24       54.    Labor Code § 512(a) provides that an employer may not require, cause or permit

25   an employee to work for a period of more than five (5) hours per day without providing the

26   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

27   the total work period per day of the employee is not more than six (6) hours, the meal period

28   may be waived by mutual consent of both the employer and the employee.

                                    -10-

55. Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56. During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were short, missed, or late and/or they were not permitted to take a second meal period.

57. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

58. At all relevant times, Defendants failed to pay Plaintiff and class members meal period premium for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

59. As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS
(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

60. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

62. Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total

-11-

CLASS ACTION COMPLAINT

1  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

2  fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

3      63.  During the relevant time period, Plaintiff and class members did not receive a ten

4  (10) minute rest period for every four (4) hours or major fraction thereof worked because they

5  were required to work through their daily rest periods and/or were not authorized to take their

6  rest periods.

7      64.  Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

8  requires an employer to pay an employee one additional hour of pay at the employee's regular

9  rate of compensation for each work day that the rest period is not provided.

10      65.  At all relevant times, Defendants failed to pay Plaintiff and class members rest

11  period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and

12  section 12 of the applicable IWC Wage Order.

13      66.  As a result of Defendants' failure to pay Plaintiff and class members an

14  additional hour of pay for each day a rest period was not provided, Plaintiff and class members

15  suffered and continue to suffer a loss of wages and compensation.

16  <p align="center">**FIFTH CAUSE OF ACTION**</p>

17  <p align="center">**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(Violation of Labor Code § 226)</p>

18

19      67.  Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

20  though fully set forth herein.

21      68.  Labor Code § 226(a) requires Defendants to provide each employee with an

22  accurate wage statement in writing showing nine pieces of information, including: (1) gross

23  wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

24  earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

25  deductions, provided that all deductions made on written orders of the employee may be

26  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period

27  for which the employee is paid, (7) the name of the employee and the last four digits of his or

28  her social security number or an employee identification number other than a social security

<p align="center">-12-</p>

<p align="center">CLASS ACTION COMPLAINT</p>

1  number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

2  hourly rates in effect during the pay period and the corresponding number of hours worked at

3  each hourly rate by the employee.

4      69.    During the relevant time period, Defendants have knowingly and intentionally

5  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

6  and class members. The deficiencies include, among other things, the failure to correctly state

7  the gross and net wages earned, total hours worked and all applicable hourly rates in effect and

8  the number of hours worked at each hourly rate by Plaintiff and class members.

9      70.    As a result of Defendants' knowing and intentional failure to comply with Labor

10  Code § 226(a), Plaintiff and class members have suffered injury and damage to their

11  statutorily-protected rights. Specifically, Plaintiff and class members are deemed to suffer an

12  injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor

13  Code § 226(a). Plaintiff and class members were denied both their legal right to receive, and

14  their protected interest in receiving, accurate itemized wage statements under Labor Code

15  § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage

16  statements, Defendants have prevented Plaintiff and class members from determining if all

17  hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has

18  had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing

19  Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts

20  and incur these costs had Defendants provided the accurate hours worked, wages earned, and

21  rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment

22  of wages from Defendants.

23      71.    Plaintiff and class members are entitled to recover from Defendants the greater

24  of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or

25  fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred

26  dollars ($100.00) per employee for each violation in subsequent pay periods, in an amount not

27  exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

28

-13-

EXHIBIT A - PAGE 66

Doc# 1 Page# 14 - Doc ID = 1629261639 - Doc Type = OTHER

1      72.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff

2  and class members from knowing, understanding and disputing the wages paid to them, and

3  resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'

4  knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

5  class members have suffered an injury, the exact amount of damages and/or penalties is all in

6  an amount to be shown according to proof at trial.

7      73.    Plaintiff and class members are also entitled to injunctive relief under California

8  Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and

9  seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

10                      **SIXTH CAUSE OF ACTION**

11

12                   **FAILURE TO MAINTAIN RECORDS**
(Violation of Labor Code §§ 1174 and 1174.5; Violation of IWC Wage Order § 7)

13      74.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

14  though fully set forth herein.

15      75.    Labor Code § 1174(d) requires employers to keep payroll records showing the

16  hours worked daily and the wages paid to their employees.

17      76.    Section 7 of the applicable IWC Wage Order provides that every employer shall

18  keep accurate information with respect to each employee including time records showing when

19  meal periods begin and end, total hours worked in the payroll period and applicable rates of

20  pay.

21      77.    Pursuant to Labor Code § 1174.5, any person employing labor who willfully

22  fails to maintain the records required by Labor Code § 1174(d) is subject to a civil penalty of

23  five hundred dollars ($500).

24      78.    During the relevant time period, Defendants willfully failed to maintain accurate

25  records for Plaintiff and class members showing when meal periods begin and end, total hours

26  worked in the payroll period and the applicable rates of pay for all regular time, overtime and

27  waiting time periods.

28

-14-

CLASS ACTION COMPLAINT

79.     As a result of Defendants knowing and willful failure to comply with Labor Code § 1174, Plaintiff and class members have suffered an injury in that they were prevented from knowing, understanding and disputing the wage payments paid to them.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT
(Violation of Labor Code §§ 201, 202 and 203)

80.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

82.     During the relevant time period, Defendants willfully failed to pay Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

83.     Defendants' failure to pay Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

84.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

85.     Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Waiting Time Subclass members regular daily wages for

-15-

CLASS ACTION COMPLAINT

1  each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

2  maximum pursuant to Labor Code § 203.

3  ### EIGHTH CAUSE OF ACTION

4  ### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

5

6  86.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

7  though fully set forth herein.

8  87.   Defendants' conduct, as alleged herein, has been and continues to be unfair,

9  unlawful and harmful to Plaintiff and class members. Plaintiff seeks to enforce important rights

10  affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

11  88.   Defendants' activities, as alleged herein, violate California law and constitute

12  unlawful business acts or practices in violation of California Business and Professions Code

13  §§ 17200, *et seq.*

14  89.   A violation of Business and Professions Code §§ 17200, *et seq.* may be

15  predicated on the violation of any state or federal law.

16  90.   Defendants' policies and practices have violated state law in at least the

17  following respects:

18  (a)   Failing to pay at least minimum wage to Plaintiff and class members in

19  violation of Labor Code §§ 1194 and 1197;

20  (b)   Failing to compensate Plaintiff and class members with all required

21  overtime and double time pay as herein alleged in violation of Labor Code §§ 510, 1194 and

22  1198;

23  (c)   Failing to provide meal periods without paying Plaintiff and class

24  members premium wages for every day said meal periods were not provided in violation of

25  Labor Code §§ 226.7 and 512;

26  (d)   Failing to authorize or permit rest breaks without paying Plaintiff and

27  class members premium wages for every day said rest breaks were not authorized or permitted

28  in violation of Labor Code § 226.7;

-16-

CLASS ACTION COMPLAINT

1   (e)   Failing to provide Plaintiff and class members with accurate itemized

2   wage statements in violation of Labor Code § 226;

3   (f)   Failing to maintain the employment records of Plaintiff and class

4   members in violation of Labor Code §§ 1174 and 1174.5; and

5   (e)   Failing to timely pay all earned wages to Plaintiff and Waiting Time

6   Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and

7   203.

8   91.   Defendants intentionally avoided paying Plaintiff and class members' wages and

9   monies, thereby creating for Defendants an artificially lower cost of doing business in order to

10   undercut their competitors and establish and gain a greater foothold in the marketplace.

11   92.   Pursuant to Business and Professions Code §§ 17200, et seq. Plaintiff and class

12   members are entitled to restitution of the wages unlawfully withheld and retained by

13   Defendants during a period that commences four years prior to the filing of the Complaint; an

14   award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

15   laws; and an award of costs.

16   **PRAYER FOR RELIEF**

17   Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief

18   and judgment against Defendants, jointly and severally, as follows:

19   1.   For certification of this action as a class action, including certifying the Class

20   and Subclass alleged by Plaintiff;

21   2.   For appointment of Jontian Jackson as the class representative;

22   3.   For appointment of Aegis Law Firm, PC as class counsel for all purposes;

23   4.   For compensatory damages in an amount according to proof with interest

24   thereon;

25   5.   For economic and/or special damages in an amount according to proof with

26   interest thereon;

27   6.   For liquidated damages pursuant to Labor Code § 1194.2;

28

-17-

CLASS ACTION COMPLAINT

7.   For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 Labor Code §§ 226(e), 1194;

8.   For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.   For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10.   For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

11.   For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

12.   For pre-judgment interest; and

13.   For such other relief as the Court deems just and proper.

Dated: September 29, 2015          **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 29, 2015          **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiff

-18-

CLASS ACTION COMPLAINT

(Page 20 of 25)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Samuel A. Wong (SBN:217104); Jessica L. Campbell (SBN:280626)<br>Aegis Law Firm, P.C.<br>9811 Irvine Center Drive Suite 100, Irvine, CA 92618<br>TELEPHONE NO.: (949)379-6250   FAX NO.: (949)379-6251<br>ATTORNEY FOR *(Name)*: Plaintiff Iontian Jackson | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 3 0 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
Jackson v. SPS Technologies, LLC. dba Air Industries Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 5 9 6 4 0 1 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 8
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 29, 2015

Jessica L. Campbell                                          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |



**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER BC 5 96 401 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  YES   CLASS ACTION? ✓YES  LIMITED CASE?  YES  TIME ESTIMATED FOR TRIAL 7-10 ___ HOURS/✓DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto (22)** | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Uninsured Motorist (46)** | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Asbestos (04)** | ☐ A6070  Asbestos Property Damage | 2. |
|  | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| **Product Liability (24)** | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| **Medical Malpractice (45)** | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
|  | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| **Other Personal Injury Property Damage Wrongful Death (23)** | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
|  | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
|  | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
|  | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*Left margin labels:* Auto Tort | Other Personal Injury/Property Damage/Wrongful Death Tort

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

EXHIBIT A - PAGE 74
Doc# 1 Page# 22 - Doc ID = 1629261639 - Doc Type = OTHER

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6, 11<br>2., 5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Jackson v. SPS Technologies, LLC dba Air Industries Company | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: September 29, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT B



1   **BRYAN CAVE LLP**
    Julie E. Patterson      (CA Bar 167326)
2   Julie Westcott O'Dell  (CA Bar 291083)
    Steven A. Witt         (CA Bar 277303)
3   3161 Michelson Drive, Suite 1500
    Irvine, CA 92612-4414
4   Telephone:  (949) 223-7000
    Facsimile:   (949) 223-7100
5   E-Mail:   jepatterson@bryancave.com
              julie.odell@bryancave.com
6             steven.witt@bryancave.com

7   Attorneys for Defendant
    SPS TECHNOLOGIES, LLC dba Air Industries Company

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF LOS ANGELES**

11

12  JONTIAN JACKSON, individually and on       Case No. BC596401
    behalf of all others similarly situated
13                                             Hon. Kenneth R. Freeman / Dept. 310
                           Plaintiff,
14                                             COMPLEX
             v.
15                                             **ANSWER TO PLAINTIFF'S FIRST**
    SPS TECHNOLOGIES, LLC                      **AMENDED COMPLAINT**
16  dba Air Industries Company; and
    DOES 1 through 20, inclusive,
17                                             Complaint Filed:  September 30, 2015
                           Defendant.          FAC Filed:        November, 16, 2015
18                                             Trial Date:

19

20

21

22

23

24

25

26

27

28

IR01DOCS\789685.2\0391079

ANSWER TO FIRST AMENDED COMPLAINT

1   Defendant SPS Technologies, LLC dba Air Industries Co. ("Defendant), for itself and for

2   no other Defendant, hereby responds to the allegations contained in the unverified First Amended

3   Complaint for Damages ("Complaint") of Plaintiff Jontian Jackson ("Plaintiff"), as follows:

4                              **GENERAL DENIAL**

5   Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies generally and

6   specifically each and every allegation contained in the Complaint. Defendant further denies that

7   Plaintiff has been injured or damaged in any manner or amount or is entitled to any relief of any

8   kind.

9                              **SEPARATE DEFENSES**

10  Defendant specifically reserves the right to amend its Answer to allege further affirmative

11  defenses that it may have against the putative class, and/or subclasses, if any is certified. The

12  Court has not yet certified a class and the putative class members are not parties to the action.

13  Defendant further reserves the right to amend its Answer if additional defenses become apparent

14  throughout the course of litigation. Notwithstanding the foregoing and without waiving its rights

15  to assert additional defenses, Defendant alleges the following affirmative defenses that it now

16  knows to be applicable to Plaintiff and/or all or some of the putative class members. As for its

17  separate and independent affirmative defenses in this action, and without conceding that it bears

18  the burden of proof or persuasion as to any affirmative defense, Defendant alleges as follows:

19                          **FIRST AFFIRMATIVE DEFENSE**

20                (Failure to State Facts Sufficient to Constitute a Cause of Action)

21  1.   The Complaint, and each purported cause of action alleged therein, fails to state

22  facts sufficient to constitute a cause of action against Defendant.

23                         **SECOND AFFIRMATIVE DEFENSE**

24                              (Statute of Limitations)

25  2.   The Complaint, and each purported cause of action alleged therein, is barred, in

26  whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of

27  Civil Procedure sections 338(a), 340(a), 340(b), and Business & Professions Code section 17208.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**THIRD AFFIRMATIVE DEFENSE**

(Standing)

3.    The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to bring one or more of the claims being asserted either on his own behalf or in his capacity as a putative class representative.

**FOURTH AFFIRMATIVE DEFENSE**

(Substantial Compliance with Applicable Laws and Regulations)

4.    Plaintiff's causes of action are barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, and laws.

**FIFTH AFFIRMATIVE DEFENSE**

(No Knowledge of Off-the-Clock Work)

5.    Defendant has no knowledge of, nor should it have knowledge of, any alleged off-the-clock work or unpaid overtime hours worked by Plaintiff or the putative class, and did not authorize, require, request, suffer, or permit such activity.

**SIXTH AFFIRMATIVE DEFENSE**

(*De Minimis*)

6.    Plaintiff's claims are in whole or in part *de minimis.*

**SEVENTH AFFIRMATIVE DEFENSE**

(Outside the Scope of Authority)

7.    If any manager or supervisor authorized, required, requested, suffered, or permitted an employee to work off the clock or report to work without pay, or failed to pay compensation for overtime hours worked, such supervisor or manager acted outside the scope of his or her employment with Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lawful Electronic Timekeeping)

8.    To the extent Plaintiff contends he and the putative class was not paid overtime due to a timekeeping policy, the timekeeping policies maintained by their employer complied with

1  applicable state and federal laws permitting employers to use rounding or grace periods for

2  purposes of computing and paying wages and overtime.

### NINTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

5  9.  Defendant did not knowingly or intentionally fail to provide accurate itemized

6  statements to Plaintiff and the putative class within the meaning of Labor Code section 226.

### TENTH AFFIRMATIVE DEFENSE

(No Injury Suffered)

9  10.  Plaintiff and the putative class have not suffered injury as the result of any alleged

10 knowing or intentional failure to provide accurate itemized wage statements within the meaning of

11 Labor Code section 226.

### ELEVENTH AFFIRMATIVE DEFENSE

(No Willful Deprivation of Wages)

14 11.  The Complaint, and each purported cause of action alleged therein, is barred

15 because Defendant did not willfully, intentionally, arbitrarily or without just cause deprive

16 Plaintiff or the putative class of any wages to which they were entitled under California law.

### TWELFTH AFFIRMATIVE DEFENSE

(Waiver of Meal and/or Rest Periods)

19 12.  To the extent that Plaintiff and the putative class did not receive a meal and/or rest

20 period during their work shifts, it was because Plaintiff and the putative class waived such meal

21 and/or rest period.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Management Discretion)

24 13.  The Complaint, and each purported cause of action alleged therein, is barred, in

25 whole or in part, because the conduct of which Plaintiff now complains was a just and proper

26 exercise of management discretion by Defendant (and/or its agents), and was undertaken for a fair,

27 honest, and legitimate business reason, and was regulated by good faith under circumstances that

28 existed.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

(Good Faith Dispute)

3      14.    The Complaint, and each purported cause of action alleged therein, is barred

4 because Defendant did not willfully fail to pay Plaintiff and the putative class wages, as a good

5 faith dispute exists as to whether any wages are due.

6

### FIFTEENTH AFFIRMATIVE DEFENSE

7

(Plaintiff Secreted or Absented)

8      15.    The Complaint, and each purported cause of action alleged therein, is barred to the

9 extent Plaintiff and the putative class have secreted or absented themselves in order to avoid

10 payment of wages, or to the extent they refused to receive payment of wages when fully tendered.

11

### SIXTEENTH AFFIRMATIVE DEFENSE

12

(Not Entitled to Equitable Relief)

13      16.    Plaintiff and putative class members are not entitled to the equitable relief

14 requested in the Complaint, or to any injunctive or other form of equitable relief, because, among

15 other things, Plaintiff and putative class members have an adequate remedy at law if they were to

16 succeed in this action.

17

### SEVENTEENTH AFFIRMATIVE DEFENSE

18

(PAGA – Failure to Exhaust Administrative Remedies)

19      17.    Plaintiff's ninth cause of action under PAGA is barred, in whole or in part, to the

20 extent Plaintiff has failed to exhaust his administrative remedies.

21

### EIGHTEENTH AFFIRMATIVE DEFENSE

22

(PAGA – Failure to Provide Notification)

23      18.    Plaintiff's ninth cause of action under PAGA is barred, in whole or in part, to the

24 extent Plaintiff failed to provide notification of the specific provision of the Labor Code alleged to

25 have been violated, including the facts and theories to support the alleged violation.

26

27

28

**NINETEENTH AFFIRMATIVE DEFENSE**

(PAGA – Unjust Enrichment)

19. Plaintiff's ninth cause of action under PAGA is barred, in whole or in part, to the extent PAGA penalties are sought in addition to statutory penalties for the same underlying claim or violations, as such duplicative recovery constitutes unjust enrichment.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Good Faith and Reasonable Grounds – No Violation of Labor Code)

20. The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent it seeks recovery of liquidated damages because any act or omission by Defendant, if any, was in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage or otherwise.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

21. Plaintiff and the putative class are not entitled to recovery on some or all of the purported causes of action because any purported loss could and should have been reduced or avoided by Plaintiff and the putative class by complying with company instructions and procedures.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

22. Plaintiff's and the putative class' recovery as to each purported cause of action alleged in the Complaint is barred, in whole or in part, by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Offset)

23. Defendant denies that it has unlawfully failed to pay any amounts for wages to Plaintiff or putative class members, or that it otherwise acted improperly. However, any entitlement that Plaintiff or putative class members may have to additional wages is subject to an

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    offset for payments or benefits that Plaintiff or putative class members may have received (or may
2    receive) from Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

5    24.    Defendant's actions concerning the matters alleged in the Complaint, if any, were
6    privileged and/or justified.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Plaintiff Seeks Unjust Enrichment)

9    25.    The Complaint, and each purported cause of action alleged therein, is barred, in
10   whole or in part, on the ground that Plaintiff and putative class members would be unjustly
11   enriched if they were allowed to recover certain claimed damages in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Penalties Would Be Unconstitutional)

14   26.    Plaintiff and putative class members are not entitled to recover any penalties as
15   prayed for in the Complaint because such an award would violate Defendant's rights under the
16   Constitution of the United States of America and the Constitution of the State of California,
17   including without limitation, Defendant's right to (1) procedural due process under the
18   Constitution of the State of California and the Fourteenth Amendment of the Constitution of the
19   United States of America; (2) protection from excessive fines as provided in the Eighth
20   Amendment of the Constitution of the United States of America, and Article I, Section 7 of the
21   Constitution of the State of California; and (3) substantive due process provided in the
22   Constitution of the State of California and the Fifth and Fourteenth Amendments of the
23   Constitution of the United States of America.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Representation Not Proper)

26   27.    Plaintiff is not an adequate representative of the allegedly aggrieved parties in this
27   action.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1               **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2                     (No Community of Interest)

3      28.     The putative class members do not share a community of interest in common

4 questions of law and/or fact.

5               **TWENTY-NINTH AFFIRMATIVE DEFENSE**

6           (Failure to State a Class Action Claim)

7      29.     The Complaint, and each purported cause of action alleged therein, fails to allege

8 facts sufficient to constitute a cognizable class action.

9                **THIRTIETH AFFIRMATIVE DEFENSE**

10           (Unconstitutional as Class Action)

11      30.     The class allegations are barred on the ground that if this action is certified as a

12 class action, Defendant's rights under the Fifth and Seventh Amendments to the United States

13 Constitution would be violated.

14             **THIRTY-FIRST AFFIRMATIVE DEFENSE**

15                    (Laches)

16      31.     The Complaint, and each purported cause of action alleged therein, is barred by the

17 doctrine of laches.

18           **THIRTY-SECOND AFFIRMATIVE DEFENSE**

19                 (Estoppel)

20      32.     The Complaint, and each purported cause of action alleged therein, is barred by the

21 doctrine of estoppel.

22            **THIRTY-THIRD AFFIRMATIVE DEFENSE**

23                 (Waiver)

24      33.     The Complaint, and each purported cause of action alleged therein, is barred by the

25 doctrine of waiver.

26

27

28

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

34.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Balance of Equities)

35.     The equities in this case weigh against the relief Plaintiff seeks on behalf of himself and the putative class.

## RESERVATION OF RIGHTS

Defendant reserves the right, upon completion of its investigation and discovery, to file such additional affirmative defenses as may be appropriate.

WHEREFORE, Defendant hereby requests judgment as follows:

1.     That Plaintiff take nothing by the Complaint and that the same be dismissed with prejudice;

2.     That Defendant have judgment entered in its favor;

3.     That Defendant be awarded costs of suit, including attorneys' fees; and

4.     For such other and further relief as this Court deems just and proper.

Dated:  December 21, 2015

**BRYAN CAVE LLP**
Julie E. Patterson
Julie W. O'Dell
Steven A. Witt

By:
Steven A. Witt
Attorneys for Defendant
SPS TECHNOLOGIES, LLC
dba Air Industries Company

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88
**(LASC - BC59640 – Jackson v. SPS)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.

   On December 22, 2015, I caused the following document(s) described as:

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Samuel A. Wong, Esq. | ***Attorneys for Plaintiff Jontian Jackson*** |
| Kashif Haque, Esq. | Phone:     (949) 379-6250 |
| Jessica L. Campbell, Esq. | Fax:        (949) 379-6251 |
| **AEGIS LAW FIRM, PC** | E-mail: |
| 9811 Irvine Center Drive, Ste. 100 | |
| Irvine, CA 92618 | |

   [☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   [☒] STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on December 22, 2015, at Irvine, California.

Ginny Hamel

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS\781831.1\0391079

EXHIBIT B - PAGE 87
PROOF OF SERVICE

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On December 23, 2015, I caused the following document(s) described as:

**DECLARATION OF JULIE E. PATTERSON IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT SPS TECHNOLOGIES, LLC DBA AIR INDUSTRIES COMPANY**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Samuel A. Wong, Esq.<br>Kashif Haque, Esq.<br>Jessica L. Campbell, Esq.<br>**AEGIS LAW FIRM, PC**<br>9811 Irvine Center Drive, Ste. 100<br>Irvine, CA 92618 | ***Attorneys for Plaintiff Jontian Jackson***<br>Phone:   (949) 379-6250<br>Fax:      (949) 379-6251<br>E-mail: |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2015, at Irvine, California.

_____
Ginny Hamel

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414